FILED
MISSOULA, MT
2007 AUG 10 PM 3 00
PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

---

ANTHONY SEREDUCK,

    Petitioner,

vs.

MICHAEL MAHONEY,

    Respondent.

Cause No. CV-06-128-M-DWM-JCL

FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS HABEAS PETITION

---

This matter comes before the Court on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is challenging his April 4, 1996 conviction for felony theft by deception. Petitioner is a state prisoner proceeding pro se and in forma pauperis.

By prior Order, the Court determined that Sereduck's petition was subject to dismissal for failure to file within the applicable statute of limitations. (Document 9). Petitioner was given an opportunity to explain his failure to file his § 2254 petition within the applicable limitations period. The Court finds that Petitioner has not given a basis upon which to equitably toll the federal statute of limitations and therefore his petition should be dismissed.

## I. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)'s statute of limitations provision is subject to equitable tolling. See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir.1997), overruled in part on other grounds by Calderon v.

United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir.1998) (en banc). Equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), and is appropriate only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (emphasis added).

In his response, Petitioner argues that prior to April 2005, he did not challenge his conviction because he did not know he could. Petitioner also suggests that his counsel's failure to advise him that he could file a direct appeal in 1996 is grounds to equitably toll the federal statute of limitations.

An attorney's negligence regarding the filing of a federal habeas petition does not meet the high threshold of "extraordinary circumstances" sufficient to warrant equitable tolling. See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001), cert. denied, 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002); Miranda v. Castro, 292 F.3d 1063 (9th Cir. 2002). However, "where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003) (remanding for determination of equitable tolling where retained post-conviction counsel made affirmative statements that he would file federal habeas petition but failed to do so, and where counsel did not release file to petitioner upon request); see also Beeler, 128 F.3d at 1288 (statute of limitations was equitably tolled in capital case when petitioner's attorney moved out of the state-a matter over which the petitioner had no control, and which made it impossible for another attorney to file a petition within the statutory time limits).

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS HABEAS PETITION / PAGE 2

Petitioner has alleged no facts from which it may be inferred that his trial counsel impeded or prevented him from filing a timely federal habeas petition or lulled him into believing that such a petition would be filed. Even if Petitioner's counsel failed to inform him regarding his right to appeal his conviction, there is nothing to suggest that this prevented or impeded Petitioner from filing a federal habeas petition. Petitioner has given no facts to suggest that he even discussed the filing of a federal habeas petition with his counsel. Therefore, Petitioner has not made a showing of attorney misconduct "sufficiently egregious" to "constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." See Spitsyn, 345 F.3d 796.

"If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken." Spitsyn, 345 F.3d at 802 (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000)); see also Miles, 187 F.3d at 1107 (stating that "external forces, rather than a petitioner's lack of diligence" must be cause of untimely filing). Petitioner did not even attempt to pursue collateral relief until April 2005, more than nine years after his conviction became final and eight years after the federal statute of limitations ran. Petitioner has given no indication that he even attempted to pursue federal habeas relief in a timely fashion. Accordingly, Petitioner is not entitled to equitable tolling and his petition should be dismissed.

## II. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), as amended by the AEDPA, "[a] certificate of

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS HABEAS PETITION / PAGE 3

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236, 240 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The "substantial showing" standard can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

The United States Supreme Court has defined the standard of issuance for a COA as follows:

> To obtain a COA under §§ 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack v. McDaniel, 529 U.S. 473, 483-484, 120 S.Ct. 1595, 146 L.Ed.2d 542, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

"The court must resolve doubts about the propriety of a COA in the petitioner's favor." Jennings v. Woodford, 290 F.3d 1006 (9th Cir. 2002) (citing Lambright, 220 F.3d at 1025). In addition, a petitioner is not required to establish that he will prevail on the merits. Lambright, 220 F.3d at 1025 (citing Barefoot, 463 U.S. at 893 n.4). Rather, the COA requirement seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. Lambright, 220 F.3d at 1025.

The Ninth Circuit has described at least two examples of situations which may satisfy the Barefoot standard. First, the standard may be met where although there is a controlling rule in the particular circuit, another circuit has reached a conflicting view. Id. at 1025-26. Second,

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS HABEAS PETITION / PAGE 4

a petitioner may persuasively argue that circuit law which forecloses relief should be reconsidered. Id.

In other situations where the district court dismisses a claim on procedural grounds, the Ninth Circuit has imposed a two-part Barefoot inquiry.

> First, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Second, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Lambright, 220 F.3d at 1026 (quoting Slack, 120 S. Ct. at 1064). "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

The COA must indicate which issues satisfy the required showing. 28 U.S.C. § 2253(c)(3). Additionally, the district judge must "state why a certificate should not issue." Fed. R. App. P. 22(b)(1).

The Court finds that the dismissal of Sereduck's petition based upon failure to file within the applicable statute of limitations follows basic principles of habeas law which are not debatable among jurists of reason and another court could not resolve this issue in a different manner. Accordingly, any request for a certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

The petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE**

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS HABEAS PETITION / PAGE 5

for failure to file within the applicable statute of limitations and that a Certificate of Appealability should be **DENIED**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of these Findings and Recommendation on Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within ten (10) business days after the entry of this recommendation as indicated on the Notice of Electronic Filing, or objection is waived.

**PETITIONER IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this _10th_ day of August, 2007.

_/s/ Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS HABEAS PETITION / PAGE 6