```
                                                    FILED
                                                 MISSOULA, MT

                                                2007 SEP 13  AM 10 44

                                                 PATRICK E. DUFFY
                                              BY_____
                                                   DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| ANTHONY SEREDUCK, | ) | CV 06-128-M-DWM |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL MAHONEY, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Petitioner Anthony Sereduck filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1996 conviction for felony theft by deception. United States Magistrate Judge Jeremiah C. Lynch determined Sereduck's Petition was subject to summary dismissal for failure to file within the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations. 28 U.S.C. § 2244(d). Judge Lynch ordered Sereduck to file a brief explaining his failure to file his Petition within the applicable statute of limitations period. Sereduck filed a brief on July 16, 2007. Judge Lynch entered

Findings and Recommendation on August 10, 2007, recommending dismissal of Sereduck's Petition. Judge Lynch determined Sereduck had failed to show extraordinary circumstances to toll AEDPA's statute of limitations. Sereduck timely objected to the Findings and Recommendation on August 24, 2007. Sereduck therefore is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

In his objections, Sereduck asserts the statute of limitations should be equitably tolled because his trial counsel told him he had no right to appeal his guilty plea directly. According to Sereduck, because of his counsel's statement, he did not even attempt to research possible illegalities in his conviction and sentence for purposes of filing a federal habeas petition. Sereduck notes he began seeking post-conviction relief in 2005 after discovering possible illegalities in his conviction and sentence while conducting research in preparation for filing a 42 U.S.C. § 1983 action.

Equitable tolling is appropriate only where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Court, 128 F.3d 1283, 1288 (9th Cir. 1997). Sereduck's trial counsel's statement that Sereduck did not have a right to appeal his conviction directly did not make it "impossible" for Sereduck to file a federal habeas petition. Sereduck does not claim his

trial counsel told him he could not file a habeas petition. In fact, Sereduck has not even suggested he and his trial counsel discussed a federal habeas petition.

Sereduck has also failed to demonstrate he exercised reasonable diligence in attempting to file his petition after his trial counsel allegedly told him he could not pursue a direct appeal. See Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003). "If [a] person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken." Id. Sereduck concedes he did nothing from the time of his conviction in 1996 until 2005 to research or investigate the possibility of filing a habeas petition. Sereduck therefore has failed to show his counsel's statement was the cause of his failure; rather, Sereduck's apathy in failing to conduct his own research caused his petition to be untimely.[1] Because Sereduck's petition was filed outside AEDPA's statute of limitations and Sereduck has not demonstrated extraordinary circumstances

---

[1] AEDPA's statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The factual predicate of Sereduck's claim arose when he was convicted in 1996. Sereduck's failure to understand the legal significance of those facts until 2005 is irrelevant. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("This is not to say that [petitioner] needed to understand the legal significance of those facts—rather than simply the facts themselves—before the due diligence (and hence the limitations) clock started ticking.").

warranting equitable tolling, Sereduck's petition is dismissed.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. Sereduck's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE for failure to file within the applicable statute of limitations. A Certificate of Appealability is DENIED.

Dated this 13th day of September, 2007.

Donald W. Molloy, Chief Judge
United States District Court